**HERITAGE VILLAGE ASSOCIATES II**

v.

**HOMAR, INC., et al.**

**No. 90–373–A.**

Supreme Court of Rhode Island.

May 31, 1991.

Lauren E. Jones, Jones Associates, Providence, for plaintiff.

Edward W. Moses, Asquith, Merolla, Anderson, Archetto & Kane, Charles P. Cavas, Carroll, Kelly & Murphy, Howard E. Walker, Hinckley, Allen, Snyder & Comen, John F. Dolan, Rice, Dolan & Kershaw, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on May 8, 1991, pursuant to an order directing all parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Heritage Village Associates II, appeals from an en-

try of judgment based upon directed verdicts in favor of all the defendants. The plaintiff sought to recover damages sustained when the floors installed in its apartment buildings became defective. The named defendants were as follows: The Robinson, Green Beretta Corp., architect; Homar, Inc., general contractor; Gypcrete Corp., manufacturer of Gyp-crete; and Gypsum Floors of New England, Inc., subcontractor. The plaintiff later moved to withdraw its appeal from the judgment entered in favor of Gypcrete Corp. because there was no evidence to support the breach-of-warranty claim. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we find that the trial justice incorrectly granted the directed-verdict motions.

At trial plaintiff relied on the testimony of its expert, John King, a construction consultant, to establish that the floors did not conform to the construction-industry standard or to the project specifications. In ruling on the motions for directed verdicts, however, the trial justice determined that King's opinion was not sufficiently definite to establish a prima facie case. Furthermore, he found King's testimony to be a statement of possibilities rather than of probabilities. Accordingly, the trial justice rejected King's testimony as being without weight.

It is our considered opinion that the trial justice erred in making these determinations. King's testimony was sufficient to raise a question of fact for the jury. *See Lariviere v. Dayton Safety Ladder Co.*, 525 A.2d 892, 896 (R.I.1987) (sufficient evidence brought forth to raise factual question on issue of ladder's defect). The trial justice should not weigh the evidence when passing on the motions for directed verdict but should view the evidence in the light most favorable to the nonmoving party and give that party the benefit of all reasonable and legitimate inferences that may properly be drawn from the evidence. *Haxton's of Riverside, Inc. v. Windmill Realty, Inc.*, 488 A.2d 723, 725 (R.I.1985).

Therefore, the plaintiff's appeal is sustained, the judgment appealed from is reversed, and the papers of the case are remanded to the Superior Court.